IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER ALLEN THORNSBERRY**                                    **PLAINTIFF**

V.                              CASE NO. 5:17-cv-05109

**LIEUTENANT DARNER; LIEUTENANT
MCELROY; and SHERIFF SHAWN
HOLLOWAY, Benton County, Arkansas**                                  **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Christopher Thornsberry, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). He is incarcerated in the Benton County Detention Center ("BCDC"). The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff is a pretrial detainee charged with a sex offense. He contends his constitutional rights are being violated because he is being housed with sex offenders. He argues that he is not a sex offender because his charge is still pending. He alleges that he would rather be housed with non-sex offenders. He believes his rights to equal treatment are being denied and that he is being discriminated against.

As relief, he asks that he be allowed to reside in a cell with non-sex offenders. He indicates he is willing to enter into an agreement holding that the BCDC would not be "liable for any mishap if one were to occur[]." (Doc. 1, p. 5)

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims are subject to dismissal. No Due Process claim is stated when an inmate is merely given an administrative housing assignment based on the nature of his charges rather than as punishment for his charges. *See e.g., Higgs v. Carver*, 286 F.3d 437 (7th Cir. 2002) (no process is required when inmate is placed in segregation for managerial reasons). Here, Plaintiff alleges he is housed with other inmates either charged with offenses of a sexual nature or with convicted sex offenders. There is no constitutional right to a particular housing assignment. *See Bell v. Wolfish*, 441 U.S. 520, 538-40, 546 (1979) (maintaining safety and internal order within institution are permissible nonpunitive objectives); *Thompson v. Helder*, Civil No. 07-5223, 2008 WL 2328335, at *4

(W.D. Ark. June 4, 2008) (no constitutional right to a particular housing assignment).

Plaintiff has stated no Equal Protection claim. "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Kilinger v. Dep't. of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) (citation omitted). Plaintiff has not alleged that he has been treated differently than other similarly situated inmates charged with offenses of a sexual nature.

Similarly, no discrimination claim is stated. The key element in a discrimination case is unlawful, purposeful discrimination. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 722 (8th Cir. 1996). Plaintiff has not alleged membership in a protected class or any other basis for the alleged discrimination. *See e.g., Cantrell v. Beebe*, Civil No. 2:09-cv-00184, 2010 WL 2232221 (E.D. Ark. Oct. 7, 2010) (explaining that sex offenders are not a protected class).

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous. Therefore, it is **DISMISSED WITH PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim).

**IT IS SO ORDERED** on this 11th day of August, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE